IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS DUANE BROWN, #25843077,     § | | |
| Petitioner,     § | | |
| § | | |
| v.     § | | CIVIL NO. 3:16-CV-1177-D-BK |
| § | | (3:94-CR-0091-D-02) |
| UNITED STATES OF AMERICA,     § | | |
| Respondent.     § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed as time barred.

**I. BACKGROUND**

In 1994, Petitioner pled guilty to obstructing commerce by robbery under 18 U.S.C. § 1951(a) (count 1), using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1) (count 2), and motor vehicle theft and carjacking under 18 U.S.C. § 2119 (count 3), and was sentenced to 41 months' imprisonment on counts 1 and 3 and 60 months' imprisonment on count 2, to be served consecutively. Crim. Doc. 137-2. He did not appeal. In 2013, he filed a section 2255 motion challenging the execution of his sentence, which was dismissed without prejudice because it was not a challenge to his federal conviction and sentence. *Brown v. United States*, No. 3:13-CV-01505, 2013 WL 2367776 (N.D. Tex. 2013).

On May 2, 2016, Petitioner filed this section 2255 motion, challenging his sentence as unconstitutional under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal

Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 3 at 4. Specifically, Petitioner asserts that his sentence under 18 U.S.C. § 924(c) for using and carrying a firearm during a crime of violence is "defined by the residual clause of §924(c)(3)(B) [which] has the same language of the residual clause held unconstitution[al] in" *Johnson*. Doc. 1 at 4. He argues that his convictions under 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c)(1), and 18 U.S.C. § 2119 "are all called into question in light of the ruling in *Johnson* as they pertain to the residual clause in 18 U.S.C. § 924(c)(3)(B)." Doc. 1 at 4.

Regarding the timelines of his section 2255 motion, Petitioner relies on 28 U.S.C. § 2255(f)(3) and *Johnson*, which was recently found retroactively applicable to cases on collateral review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016). Doc. 1 at 12; Doc. 4 at 2. He also cites to *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016) (the *en banc* court will consider on direct appeal whether 18 U.S.C. § 16's statutory definition of "crime of violence" is unconstitutionally vague in light of *Johnson*) and *United States v. Bell*, 2016 WL 344749 *11-13 (N.D. Cal. 2016), for the proposition that the residual clause of section 924(c)(3) is also unconstitutional under *Johnson*.[1]

---

[1] Section 924(c)(1)(A) provides for certain penalties for a person "who, during and in relation to any crime of violence..., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Under section 924(c)(3), a "crime of violence" means

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to the "(A)" clause of section 924(c)(3) as the "force clause" and to the "(B)" clause of section 924(c)(3) as the "residual clause." Section 924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*.

Doc. 4 at 2-3.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

*Petition is untimely*

Petitioner relies on 28 U.S.C. § 2255(f)(3)[3] and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely. Over 21 years have elapsed since his conviction first became final in 1994. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has expired).

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's sentence, since it was <u>not</u> increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather,

---

[2] Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation. *See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)* (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

[3] Section 2255(f)(3) provides that the one-year period in which to file a section 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner was sentenced under 28 U.S.C. § 924(c)(1)(A)(i) to a consecutive 60 months for using and carrying a firearm during a crime of violence, *see* Crim. Doc. 137 at 5, Presentence Report (PSR) ¶ 21.  Moreover, even if Petitioner's sentence had been enhanced under section 924(c)(3)'s residual clause, the United States Supreme Court has not held that the residual clause of section 924(c)(3) is also unconstitutional under its reasoning in *Johnson*.  Indeed, the United States Court of Appeals for the Fifth Circuit recently recognized that "*Johnson* did not address section 924(c)(3)(B)," and that the disagreement among the courts of appeals on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B) "demonstrates that the Supreme Court has not taken a position on whether Johnson applies to section 924(c)(3)(B)."  *In re Fields*, --- F.3d ---, 2016 WL 3383460 at *1 (5th Cir. 2016) (*per curiam*) (collecting cases).   Additionally, that the Court of Appeals for the Fifth Circuit will be considering the constitutionality of a similar statutory language in *Gonzalez-Longoria* is of no moment, because the limitation provision of section 2255(f)(3) applies only if the right is one "newly recognized by the Supreme Court."  Thus, section 2255(f)(3) has no application in this case. [4]

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

*Equitable tolling*

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show

---

[4]  In addition, the Court finds that 28 U.S.C. §§ 2255(f)(2) and (4) are inapplicable here. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** July 1, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE